IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| James Russell Drago, ) | |
| ) | Case No. 12 C 50116 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Winnebago County Jail Staff, et al., ) | |
| ) | Judge Philip G. Reinhard |
| Defendants. ) | |
| ) | |

## ORDER

For the reasons stated below, defendant Timothy Owens' motion for summary judgment [38] is granted. The cause is dismissed in its entirety.

## STATEMENT-OPINION

On April 5, 2012, *pro se* plaintiff, James Russell Drago, a detainee at the Winnebago County Jail, filed a single-count complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. [1]; [3]. In his complaint, plaintiff alleged a number of defendants were liable for their deliberate indifference to plaintiff's medical needs. [1]. Pursuant to 28 U.S.C. § 1915A, the court reviewed plaintiff's complaint and financial affidavit and granted the motion to proceed *in forma pauperis*, but dismissed the complaint because plaintiff failed to name a suable entity as a defendant. [5]. In the court's order, it granted plaintiff 60 days to file an amended complaint that named at least one particular defendant which he alleged was responsible for his injuries. *Id.*

Plaintiff attempted to follow these instructions and filed an amended complaint on April 27, 2012. [6]. In the amended complaint, plaintiff alleged defendants Correctional Captain Timothy Owens, University of Illinois College of Medicine, and other unknown employees at Swedish American Hospital were liable for their deliberate indifference to his medical needs while he was incarcerated at the Winnebago County Jail. After the court reviewed the amended complaint (again pursuant to 28 U.S.C. § 1915A), it determined that plaintiff could proceed against defendant Owens only. [7]. In the court's order, it noted that plaintiff had previously been instructed to identify the individual defendants he wished to proceed against and Owens was the only suable party named. Because of this, the court, appointed plaintiff counsel for his claim against Owens and informed plaintiff he could pursue his claim against other defendants if he specifically identified such individuals at a later time. *See id.*

On July 31, 2012, plaintiff's attorney moved to withdraw due to a conflict of interest. [9]. Magistrate Judge P. Michael Mahoney granted this motion, and immediately appointed plaintiff a new attorney. *See* [13]. However, a few months later, plaintiff's new counsel also moved to withdraw. *See* [21]. This attorney sought to withdraw because when he met with plaintiff to discuss the case he learned that plaintiff had "conflicting views as to how to proceed with his action." [21] at 1. Counsel also informed the court that he believed plaintiff's case did not have a good faith basis in law or fact. *See id.* Based on these representations, Magistrate Judge P. Michael Mahoney granted the second motion to withdraw. *See* [23].

Shortly after this motion was granted, plaintiff moved for appointment of counsel. *See* [24]. At this point, Magistrate Judge P. Michael Mahoney denied the motion. Relying on Local Rule 83.39[1] and the well established principle that there is no constitutional right to representation in a civil case, Judge Mahoney reasoned that appointment of new counsel was not appropriate since plaintiff's previous counsel was an experienced trial attorney who felt it necessary to withdraw based upon plaintiff's views on how to proceed. *See* [25]. Accordingly, the court instructed the plaintiff to proceed *pro se* with his claim against Owens.

At the close of discovery, Owens moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. With his motion, Owens provided plaintiff the requisite notice pursuant to Local Rule 56.2. *See* [38]; [38-2]. Plaintiff filed a timely response and the motion is ripe for the court's review.

On summary judgment, the court construes all facts and draws all inferences in the light most favorable to the non-moving party. *Schepers v. Commissioner, Indiana Dept. of Corrections,* 691 F.3d 909, 913 (7th Cir. 2012). The court does not weigh evidence or determine the credibility of witness testimony. *O'Leary v. Accretive Health, Inc.,* 657 F.3d 625, 630 (7th Cir. 2011). Instead, the court only grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

In his amended complaint, plaintiff alleges he suffered from a skin condition, "abscesses" while he was incarcerated at Winnebago County Jail in January 2012. [6] at 5. He claims Owens was deliberately indifferent to his medical needs because Owens is "supervisor/liason to the medical clinic" and his staff denied him immediate treatment and proper pain medication. [45]

---

[1]In relevant part, Local Rule for the Northern District of Illinois 83.39 provides that "[i]n any action where a second counsel is appointed and subsequently discharged upon request of a party, no additional appointment shall be made except on a strong showing of good cause." Courts in this Circuit have applied on this rule in circumstances similar to the one at bar. *See e.g.*, *Upton v. DePaul Univ.*, No. 09-C-3954, 2012 WL 3096676 at *6 (N.D. Ill. July 27, 2012) (granting summary judgment to defendants because plaintiff failed to file a response and noting that the court had denied plaintiff's motion for appointment of counsel for a third time because plaintiff failed to make a showing of good cause.); *see also Purvis v. Int'l Truck & Engine Corp.*, No. 03-C-7221, 2007 WL 1933156 at *1 (N.D. Ill. June 27, 2007).

at 9. He alleges this indifference was exasperated when prison officials placed him in maximum security housing and isolated him from prison staff. While plaintiff admits his skin condition was eventually treated, he states he still has "continuing abcesse's [sic] all over his body" and has not received the proper pain medication. [6] at 5.

Owens argues summary judgment is appropriate because plaintiff cannot establish that his constitutional rights were violated. Owens has provided the court portions of plaintiff's medical file to demonstrate that no one at the Winnebago County Jail was deliberately indifferent to plaintiff's medical needs. Owens also argues that even if plaintiff suffered a constitutional deprivation, summary judgment is warranted because plaintiff cannot establish that Owens is liable in his individual or official capacity.

Prior to addressing these arguments, the court notes that plaintiff has failed to abide by Local Rule 56.1 in responding to the motion for summary judgment. Although apprised of his obligation to do so [38-2], plaintiff failed to properly respond to Owens' Local Rule 56.1(a) statement of uncontested material facts. While he has submitted a response, the response fails to directly address Owens' Local Rule 56.1 statements of fact and fails to provide adequate support for any of the additional facts plaintiff sets forth to oppose summary judgment. *See* [44]-[45]. Given the court's obligation to construe *pro se* submissions liberally, the court will overlook plaintiff's noncompliance with Local Rule 56.1 and will attempt to construe any potential evidentiary materials plaintiff has submitted in the light most favorable to him. Where, however, plaintiff has failed to deny Owens' statement of facts, the court will deem those facts admitted to the extent that they are supported by the record. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006).

### A. Constitutional Violation

Owens argues plaintiff's deliberate indifference claim fails because he cannot establish that a constitutional violation occurred with respect to his medical care. To establish a deliberate indifference claim under the Eighth Amendment, plaintiff must set forth evidence which shows that (1) "he had an objectively serious medical need[;]" and 2) "defendants were aware of his serious medical need and were deliberately indifferent to it." *McGee v. Adams*, 721 F.3d 474, 480-81 (7th Cir. 2013). Owens contends plaintiff cannot establish the second requirement. The court agrees.

As support for his argument, Owens has included (among other things) portions of plaintiff's medical file and an affidavit from an administrative nurse at Winnebago County Jail with his motion for summary judgment. The court finds both persuasive in concluding that plaintiff cannot establish a *prima facie* case.

First, plaintiff's medical file reveals that he was examined and treated on numerous occasions while incarcerated at Winnebago County Jail. Specifically, plaintiff's medical records indicate that a nurse examined plaintiff as early as January 25, 2012, (hours after he was arrested) and noted two marks on plaintiff's arm. At this time, she prescribed plaintiff pain medication

3

and instructed plaintiff to file a "sick call slip" if his pain persisted. *See* [38-4 at 13]. Five days later, plaintiff was examined by another nurse who noticed the same lacerations on plaintiff's arm, noted that plaintiff was experiencing pain and prescribed medication. [34-4 at 14]. Three days later he was examined again and prescribed medication. *Id.*

On February 8, 2012, plaintiff was seen by a different nurse who noted that plaintiff had 1 cm of abscess on his left arm and scheduled plaintiff to see a medical provider in the jail's medical clinic. [34-4 at 15]. Pursuant to this recommendation, a physician saw plaintiff the very next day. During this visit, the doctor diagnosed plaintiff with cellulitis (inflammation of the skin) and paresthesia/neuropathy, prescribed medication and ordered plaintiff to be evaluated in three weeks. [38-5 at 9-10]. Three weeks later plaintiff was seen by a physician who prescribed him medication for the abscess on his arm. [38-4 at 16].

Between March 2012 and December 2012, plaintiff was seen over 35 times by various nurses and physicians through the Winnebago County Jail. *See generally* [38-4]-[38-5]. Throughout this time, his skin condition was continuously evaluated and treated with medication.

Plaintiff does not dispute that he was seen by medical personnel through the Winnebago County Jail on all of the aforementioned occasions. However, he maintains summary judgment should be denied because his skin condition could have been prevented if medical personnel undertook a different course of treatment. Specifically, plaintiff claims that he requested a culture and a biopsy to various medical personnel, but neither was ever performed. *See* [45] at 5. He also points to the fact that "medications were prescribed and then discontinued without consultation or evaluation of plaintiff" as evidence of deliberate indifference. *Id.* at 6. These arguments, however, do not support a claim for deliberate indifference.

While the court acknowledges that receiving medical treatment does not in it of itself defeat a claim for deliberate indifference, plaintiff has failed to establish that the actions of Owens were "blatantly inappropriate." *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005). Moreover, plaintiff's complaints regarding the course of treatment he received through Winnebago County Jail do not form a cognizable deliberate indifference claim since "neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference." *Id.* at 653. Indeed, the courts in this Circuit have specifically held that "[q]uestions of whether certain diagnostic techniques or forms of treatment are warranted are a "classic example of a matter for medical judgment"" and therefore do not form a claim of deliberate indifference. *Dobbey v. Liping Zhang*, No. 11-C-2374, 2013 WL 4838916 at *7 (N.D. Ill. Sept. 10, 2013) (quoting *Estate of Cole ex rel. Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)).

In light of this precedent, it is clear that plaintiff cannot establish that Owens was "aware of his serious medical need and [was] deliberately indifferent to it." *McGee*, 721 F.3d at 480-81. Plaintiff's medical records reveal that his skin condition was repeatedly evaluated and treated from the day he was arrested to the day he filed his complaint. The fact that plaintiff wanted

medical personnel to perform additional tests or prescribe different medication does not establish the subjective element for a deliberate indifference claim. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) ("deliberate indifference is more than negligence and approaches intentional wrongdoing. In other words, deliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts.").

As further support, it is relevant that Owens is a non-medical professional and therefore is entitled to rely upon the judgment of medical professionals. *See McGee*, 721 F.3d at 483. The Seventh Circuit has found "[t]he only exception to this rule is that nonmedical officers may be found deliberately indifferent if they have reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner. *Id.* (citing *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012)). In his Local Rule 56.1 Statement of Facts, Owens avers that he "was not personally aware of [plaintiff's] medical condition, nor of the medical treatment and care being provided to [plaintiff] at the Winnebago County Jail." [38-1 at 2]. He states "[t]he first time [he] became aware that [plaintiff] had complaints about his medical condition and treatment was when [he] was served with a copy of [plaintiff's] lawsuit on August 6, 2012." *Id.* Plaintiff does not deny this. Instead, in his brief opposing summary judgment, he argues that Owens was deliberately indifferent because plaintiff had "begged and pleaded" with Owens' subordinates and they failed to satisfy plaintiff's requests. [45 at 8]. As Owens' correctly points out, this argument appears to one of *respondeat superior* and claims of this kind are not cognizable under 42 U.S.C. § 1983. *Perkins v. Lawson*, 312 F.3d 872, 874 (7th Cir. 2002). Accordingly, the court concludes plaintiff is unable to establish a claim for deliberate indifference to medical needs.

### B. Individual and Official Capacity

Even if the court assumed plaintiff could establish a *prima facie* case, his claim against Owens would still fail. As Owens correctly points out, plaintiff has failed to demonstrate that Owens is liable in either his individual or official capacity.

#### *1. Individual Capacity*

To hold a party liable in their individual capacity under 42 U.S.C. § 1983, a plaintiff must allege the individual was personally involved in the alleged constitutional deprivation. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Plaintiff fails to do this and instead claims the basis for Owens' liability is his supervisory role to the medical clinic. As the court previously noted, an individual cannot be liable solely based on their supervisory role. *See Perkins*, 312 F.3d at 874. Thus, plaintiff cannot establish Owens is liable in his individual capacity.

#### *2. Official Capacity*

To the extent plaintiff is attempting to claim Owens is liable in his official capacity, his claim also fails. To establish an individual is liable in their official capacity under 42 U.S.C. § 1983, a plaintiff must set forth evidence that he suffered a constitutional deprivation because of (1) an express policy; (2) a widespread practice or custom; or 3) the conduct of a person with final policymaking authority. *Phelan v. Cook Cnty.*, 463 F.3d 773, 789 (7th Cir. 2006). In his

brief opposing summary judgment, plaintiff appears to argue Owens is liable because he was aware that Winnebago County Jail had a policy or practice of ignoring inmates' requests for medical assistance. However, plaintiff has failed to provide any evidence of a widespread practice and in fact does not even argue that such a practice or policy has been carried out with respect to other inmates. While it is not impossible for a plaintiff to show the existence of a policy or custom with only his personal experience, plaintiff's medical records reveal that his requests for medical treatment were not ignored. This, taken in conjunction with the fact that Owens has provided a copy of the Winnebago County Jail's policy for the treatment of inmates' medical issues, cause the court to conclude that plaintiff has failed to establish an unconstitutional policy or widespread practice. *See* [38-3]. Finally, plaintiff has not alleged or attempted to argue that Owens is liable in his official capacity as a person with final policymaking authority. Moreover, even if he attempted to assert this argument it would fail since it is the Winnebago County Sheriff that has final policy-making authority over the operations in the Winnebago County Jail. *See DeGonova v. Sheriff of DuPage County*, 209 F.3d 973, 976 (7th Cir. 2000) ("Illinois sheriffs have final policy making authority over jail operations."). Thus, plaintiff cannot establish Owens is liable in his official capacity.

In sum, the court finds plaintiff has failed to set forth a claim for deliberate indifference to medical needs and has failed to establish that Owens can be held liable in either his individual or official capacity. Accordingly, the court grants defendant Timothy Owens' motion for summary judgment. [38]. The cause is dismissed in its entirety.

Date: 12/11/2013     ENTER:

*Philip G. Reinhard*

United States District Court Judge

Notices mailed by Judicial Staff (cjr)